UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID CARSON,

       Plaintiff,

v.                                                               Case No. 2:04-cv-234
                                                              HON. RICHARD ALAN ENSLEN

GERALD RILEY, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

       Defendant Riley has filed a motion to dismiss, arguing that plaintiff's *in forma pauperis* status should be revoked and this case be dismissed. This Court screens every case filed by a prisoner prior to service of summons and complaint. As part of the screening process, when a prisoner seeks to proceed *in forma pauperis*, the Court first determines whether a prisoner has three strikes which would prohibit him from proceeding *in forma pauperis*. This Court has already determined on initial review that plaintiff does not have three strikes. Accordingly, it is now defendant's burden to show otherwise.

       Defendant has asserted that plaintiff has four strikes and has attached docket sheet entries to support his claims. The Court can verify that *Carson v. Gay*, Case No. 4:99-cv-39, is one strike against plaintiff. While not clear from a review of the docket sheet, it is also likely that *Carson v. Nelson*, Case No. 97-cv-10175, arising out of the Eastern District, is another strike. The appeals filed in *Carson v. Bengstrom*, No. 99-1586, and *Carson v. Gay*, No. 99-1615, are likely not strikes against plaintiff, although this is not clear from a review of the docket sheets. The appeal in *Carson v. Gay*, No. 99-1615, is likely not a strike because the appeal was not dismissed on the

merits, but simply for failure to prosecute. Defendant has failed in his attempt to show that plaintiff has three strikes. In the future, because this Court as a matter of procedure determines whether a prisoner has three strikes against him prior to allowing a prisoner to proceed *in forma pauperis*, it would be prudent for defendant to attach the opinions and orders from the cases defendant asserts should be counted as a strike that could be used to bar a prisoner from proceeding *in forma pauperis*. Without the opinions and orders available to the Court, it is impossible for the Court to determine whether a particular dismissal of a case may be counted as a strike.

Accordingly, it is recommended that defendant Riley's motion to dismiss (docket #10) be denied and motion to strike (docket #16) be denied as moot.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten days of your receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR. 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal of those issues or claims addressed or resolved as a result of the Report and Recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

 /s/ Timothy P. Greeley  
TIMOTHY P. GREELEY  
UNITED STATES MAGISTRATE JUDGE

Dated:   July 7, 2005