UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

DAVID ALLEN CARSON #193706,

        Plaintiff,

Case No. 2:04-CV-234

v.

Hon. Richard Alan Enslen

GERALD RILEY,

**ORDER**

        Defendant.
_____/

      Defendant Gerald Riley, through counsel, has objected to United States Magistrate Judge Timothy P. Greeley's Report and Recommendation of July 7, 2005 ("Report"), which did not treat Plaintiff David Allen Carson as a "three strike" prisoner under 28 U.S.C. § 1915(g). Plaintiff has responded in opposition to the Objection. The Court reviews this dispositive matter *de novo* in accordance with 28 U.S.C. § 636.

      Upon such review, the Court finds that the Objection should be granted. The parties agree that 28 U.S.C. § 1915(g) prohibits a prisoner from bringing an *in forma pauperis* action after having three previous actions or appeals dismissed as frivolous or as failing to state a claim.[1] *See generally Evans v. Illinois Dep't of Corr.*, 150 F.3d 810, 811-12 (7th Cir. 1998); *Wilson v. Yaklich,* 148 F.3d 596, 604-06 (6th Cir. 1998). The disagreement is whether Plaintiff has "three strikes" (three prior dismissals qualifying under 28 U.S.C. § 1915(g)). The Magistrate Judge was unable to determine whether certain dismissals counted because the pertinent paperwork was not attached. (*See* Report

---

[1]There is an exception for cases of an imminent threat of serious physical injury, though this exception is not argued by Plaintiff and does not appear to apply to this case (which pertains to interference with Plaintiff's practice of religion and related matters).

at 2.) Plaintiff, in the Addendum to his Response (at page one), agrees that he has at least two strikes–the dismissals in *Carson v. Nelson*, Case No. 97-cv-39 (E.D. Mich. July 7, 1997) and *Carson v. Gay*, 4:99-cv-39 (W.D. Mich. May 6, 1999).

Plaintiff disputes that other dismissals count as strikes. Some of the claimed strikes relate to appeals which were dismissed because of an absence of appellate jurisdiction. Even without considering those matters, however, Plaintiff has a third qualifying dismissal because of the dismissal in *Carson v. Mendenall*, 2:02-cv-108 (W.D. Mich. July 22, 2004). The Report in *Mendenall* classified the claim as frivolous. (Def.'s Ex. 5 at 3.) The Opinion and Order Approving the Report and Recommendation further indicated that Plaintiff had failed to state a claim. (Def.'s Ex. 6 at 1-2.) Thus, the *Mendenall* dismissal equates with the third such dismissal. Plaintiff's only argument to the contrary is that this Court in a prior case, *Carson v. Cole*, 1:02-cv-825, treated Plaintiff as a two-strikes prisoner. This argument is misleading. A motion to dismiss based on three strikes was raised in *Cole* but was denied as moot because the Court elected to dismiss the claims against Defendant Cole based on substantive reasoning. *See Carson v. Cole*, 1:02-cv-825, Order of Mar. 18, 2004 (Dkt. No. 59). Furthermore, the question of whether the *Mendenall* dismissal counted as a qualifying dismissal was not decided in *Cole* since the *Mendenall* dismissal was not made until July 2004.

**THEREFORE, IT IS HEREBY ORDERED** that Defendant Gerald Riley's Objection (Dkt. No. 23) is **GRANTED**, Plaintiff David Allen Carson's Response (docketed as an objection) (Dkt. No.25) is **DENIED**, and the Report and Recommendation of July 7, 2005 (Dkt. No. 22) is **REJECTED**.

**IT IS FURTHER ORDERED** that Defendant Gerald Riley's Motion to Dismiss (Dkt. No. 10) is **GRANTED** to the extent that the Order to Proceed *in Forma Pauperis* and for Payment of Filing Fee (Dkt. No. 2) is **VACATED**.

**IT IS FURTHER ORDERED** that Plaintiff shall have 30 days from the date of this Order to make full payment of the $150 filing fee and, if such payment is not made, Plaintiff's Complaint will be dismissed.

**IT IS FURTHER ORDERED** that Plaintiff David Allen Carson #193706 shall be added to the "three strikes" prisoner report maintained by the office of the Clerk.

Dated in Kalamazoo, MI:  /s/Richard Alan Enslen
August 4, 2005  Richard Alan Enslen
  United States District Judge